IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Gary Neff,                               :

          Plaintiff,                     :

     v.                                  :     Case No.  2:06-cv-856

Standard Federal Bank,                   :
     et. al.,                            :     Magistrate Judge Kemp

          Defendants.                    :


OPINION AND ORDER

     Plaintiff Gary Neff brought this action for damages
resulting from a mortgage modification and subsequent foreclosure
proceedings by defendants Standard Federal Bank (the "Bank") and
Federal Home Loan Mortgage Corporation ("Freddie Mac"). After
Neff voluntarily dismissed with prejudice his claims against the
Bank, the Court dismissed Neff's claims against Freddie Mac for
intentional misrepresentation, negligent misrepresentation,
breach of the covenant of good faith and fair dealing and
intentional infliction of emotional distress. However, Neff's
claims for trespass and conversion remained for adjudication.

     Freddie Mac has now moved for summary judgment, asserting
that Neff's trespass and conversion claims are barred by the
doctrine of claim preclusion.  In support of its motion, Freddie
Mac asks this Court to take judicial notice of the state court
docket and various memoranda, pleadings, and journal entries
filed in the Belmont County Court of Common Pleas and the Seventh
District Court of Appeals. For the following reasons, the motion
for summary judgment will be denied.

I.

     The underlying facts appear to be largely undisputed for
purposes of the summary judgment motion. While Freddie Mac
encourages the Court to rely exclusively on its version of the

facts (presumably based on the documents of which it has asked the Court to take judicial notice), such reliance would not comport with the standards set forth below for summary judgment motions, namely that all inferences be drawn in favor of the nonmoving party. Therefore, the Court will rely not only on judicial notice of the state court documents, but also on the statement of facts in Neff's memorandum contra to the extent such facts are not specifically disputed by Freddie Mac.  Those facts are as follows.

Neff entered into a loan transaction with the Bank on August 2, 1995 that granted the Bank a mortgage interest in his Belmont, Ohio home. At some later point, Freddie Mac purchased the Bank's mortgage interest, but the Bank continued to service the loan on Freddie Mac's behalf. Neff was not aware of Freddie Mac's purchase of the mortgage interest in his house until sometime after 2002.

In 2001, Neff fell behind on his mortgage payments. Bill Wallace, a loan agent, solicited Neff to enter into a pre-foreclosure loan modification agreement to reduce Neff's monthly payments and avoid foreclosure. At the time of the discussions about the modification agreement, Neff thought Wallace was an employee of the Bank.

On June 27, 2002, the Bank filed a foreclosure action against Neff in state court. Neff filed an answer that included a counterclaim against only the Bank. After the action was filed, the Bank discovered it had misapplied or not credited at least two mortgage payments Neff had previously sent. Despite this discovery, the Bank continued its foreclosure action against Neff, and on July 24, 2003, the state court granted summary judgment in favor of the Bank.

A sheriff's sale of the residence was held on November 11, 2003. The Bank purchased the residence, then assigned its

2

interest to Freddie Mac. The state court, however, set aside the judgment against Neff and the sheriff's sale conducted on November 23, 2003. Despite the court order setting aside the judgment and sheriff's sale, Neff and his family moved out of their home in December 2003, but left behind several unidentified personal belongings.

In December 2003, the Bank entered into a contract with Harris Real Estate ("Harris"), whereby Harris would clean the inside of the house and actively market the house for sale. Harris entered the house and changed the locks after receiving the work order from the Bank. Harris failed to properly secure the residence, and sometime between December 2003 and March 2004, the home was vandalized and looted, causing significant damage. The personal items Neff left in the residence were either taken or destroyed.

On March 24, 2004, the Bank filed a notice of dismissal without prejudice in state court, ending its foreclosure action against Neff. On April 26, 2004, the state court granted Neff's motion for default judgment against the Bank on Neff's counterclaim. On May 15, 2006, the state court granted the Bank's motion for summary judgment and limited Neff's damages to the $100,000 prayed for in Neff's counterclaim. On June 19, 2006, Neff filed a motion for leave to amend his counterclaim to add an additional party - Freddie Mac - and additional claims against both the Bank and Freddie Mac. In the proposed amended counterclaim, Neff asserted the same claims against Freddie Mac that are asserted in the case before this Court.

On November 9, 2006, the state trial court denied Neff's motion for leave to amend his counterclaim, holding that Neff should have sought to amend his counterclaim to seek additional damages before requesting a default judgment against the Bank because "sufficient information was available to him to do so, if

3

he so chose." See Journal Entry attached as Exhibit C to
Defendant Freddie Mac's Motion for Summary Judgment p.3. The
state court also found that Neff tried to amend his counterclaim
"in an attempt to avoid ORCP Rule 54(c)'s limitation on damages"
after the state court limited Neff's recovery against the Bank.
Id.

     Neff filed a timely appeal of the state court's decision to
deny his motion for leave to amend.  On October 12, 2006, Neff
also commenced the present action in federal court against the
Bank and Freddie Mac. On February 16, 2007, the state appellate
court held that the trial judge's order denying Neff's motion for
leave to amend was not a "final order" as defined in Ohio Rev.
Code § 2505.02, and dismissed Neff's appeal. Neff did not appeal
the appellate court's decision to the Ohio Supreme Court. On
August 20, 2007, Neff and the Bank reached a settlement agreement
and the state court proceedings were dismissed.

     On August 23, 2007, this Court approved the stipulated
dismissal with prejudice of Neff's claims against the Bank.  On
September 27, 2007, the Court dismissed Neff's claims against
Freddie Mac for intentional misrepresentation, negligent
misrepresentation, breach of the covenant of good faith and fair
dealing and intentional infliction of emotional distress.  The
motion for summary judgment will be decided based upon these
facts.

                              II.

     Summary judgment should be granted when "the pleadings,
depositions, answers to interrogatories, and admissions on file,
together with the affidavits if any, show that there is no
genuine issue as to any material fact and that the moving party
is entitled to a judgment as a matter of law." Fed. R. Civ. P.
56(c). Summary judgment is appropriate if a party who has the
burden of proof at trial fails to make a showing sufficient to

                               4

establish the existence of an element that is essential to that
party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
In deciding a motion for summary judgment, the court must view
the factual evidence and draw all reasonable inferences in favor
of the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith
Radio Corp., 475 U.S. 574, 587 (1986). The nonmoving party,
however, must set forth specific facts showing that there is a
genuine issue for trial. A genuine issue for trial exists "if
the evidence is such that a reasonable jury could return a
verdict for the nonmoving party." Anderson v. Liberty Lobby,
Inc., 477 U.S. 242, 248 (1986).

III.

The Court must first determine whether Ohio state law or
federal law governs the claim preclusion analysis in this case.
The Constitution's Full Faith and Credit Clause, as implemented
by 28 U.S.C. § 1738, requires a federal court to give a state
court judgment "the same preclusive effect as would be given that
judgment under the law of the State in which the judgment was
rendered." Kremer v. Chemical Construction Corp., 456 U.S. 461,
481-482 (1982). Federal courts cannot "employ their own rules of
res judicata to determine the effect of state judgments...," but
must "accept the rules chosen by the State from which the
judgment is taken." Id. at 481-82. A federal court ruling on the
issue of claim preclusion applies the law of the state in which
the judgment was rendered. Marrese v. American Academy of
Orthopaedic Surgeons, 470 U.S. 373, 382 (1985); see also Corzin
v. Fordu (In re Fordu), 201 F.3d 693, 703 (6th Cir. 1999) (citing
Marrese).

This issue is easily resolved, however, as the Sixth Circuit
Court of Appeals expressly recognized that, "[i]n Ohio, the
requirements for application of the doctrine of claim preclusion,
or res judicata as the earlier Ohio court termed it, are the same

as those applicable in a federal court..." <u>Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 918 F.2d 658, 661 (6th Cir. 1990) (citing <u>Krahn v. Kinney</u>, 538 N.E.2d 1058, 1062 (Ohio 1989) and <u>Norwood v. McDonald</u>, 52 N.E.2d 67, 71 (Ohio 1943)); <u>see also Fordu</u>, 201 F.3d at 703-704. Therefore, the Court will use both Ohio state law and Sixth Circuit law to analyze the applicability of claim preclusion to this instant case.

The essence of claim preclusion is that "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." <u>Federated Dep't Stores, Inc. v. Moitie</u>, 452 U.S. 394, 398 (1981). Both the Ohio courts and the Sixth Circuit recognize four elements to determine if claim preclusion bars pending litigation: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. <u>Bittinger v. Tecumseh Products Co.</u>, 123 F.3d 877,880 (6th Cir. 1997); <u>see also Fordu</u>, 201 F.3d 703-704; <u>and see O'Nesti v. DeBartolo Realty Corp.</u>, 862 N.E.2d 803, 806 (Ohio 2007).

In examining the first prong of the test for claim preclusion, the Court turns to the order of the Belmont County Common Pleas Court which denied Neff's motion to amend his state court counterclaim to add claims against the Bank as well as identical third-party claims against Freddie Mac. It is this order that serves as the sole basis for Freddie Mac's res judicata argument. The Court does not have to look far to find an answer to the question of whether the common pleas court's order was a final order; on appeal, the Seventh District Court of Appeals held that it was not. <u>See</u> Journal Entry of Seventh District Court of Appeals dated February 16, 2007, attached to

6

Defendant Freddie Mac's Motion for Summary Judgment as Exhibit D.
Nevertheless, Freddie Mac argues that the state appellate court
reached the wrong conclusion and that Neff should have appealed
the decision to the Ohio Supreme Court. In Freddie Mac's view,
the fact that the common pleas court expressly ruled that its
judgment entry was a final appealable order and that there was no
just reason for delay made it so.

   This Court is not inclined to second guess the opinion of an
Ohio court of appeals on an issue of state law even if it has
authority to do so. Under Ohio law, the inclusion of language by
a trial court that there is "no just reason for delay" cannot
transform an order that is not final for purposes of Ohio Revised
Code §2505.02 into a final appealable order for purposes of Ohio
Civ. R. 54(B). See Miller v. First Int'l Fid. & Trust Bldg.,
Ltd., 866 N.E.2d 1059, 1062 (Ohio 2007) (citing Hitchings v.
Weese, 674 N.E.2d 688, 689 (Ohio 1997)(Resnick, J., concurring)
and State ex rel. A&D Limited Partnership v. Keefe, 671 N.E.2d 13
(Ohio 1996). Thus, the Seventh District Court of Appeals was not
bound by the common pleas court's determination that its order
constituted a final appealable order. See Miller v. First Int'l
Fid. & Trust Bldg., Ltd., 846 N.E.2d 87, 92 (Ohio Ct. App. 2006),
aff'd, 866 N.E.2d 1059 (Ohio 2007).

   The Court also disagrees with Freddie Mac's contention that
"decisions on motions to amend typically are res judicata to
further action on the claims sought to be included in the amended
pleading." Bush v. Dictaphone Corp., slip op. 1999 WL 178370 at
*5 (Ohio App. 10 Dist. Mar. 30, 1999) (per curiam). This
statement is clearly dicta, as Freddie Mac acknowledges, and more
importantly, does not appear to be correct.  See Wright, Miller &
Cooper, Federal Practice and Procedure: Jurisdiction 2d §3914.1
(1992) ("Orders granting or denying amendment of the
pleadings...are not final, unless judgment is entered under Civil

Rule 54(b) or exceptional circumstances persuade a court to apply
collateral order doctrine or some other expansive theory of
finality.").  The Court of Appeals has, in fact, held that "[a]
denial of leave to amend is generally not an appealable order
[and] [s]uch an order becomes appealable only after the entry of
final judgment on that claim." Soliday v. Miami County, Ohio, 55
F.3d 1158, 1165 (6th Cir. 1995)(internal citation omitted). See
also National Hockey League Players' Assn. v. Plymouth Whalers
Hockey Club, 325 F.3d 712, 717 (6th Cir. 2003) (order granting
leave to amend to add new plaintiff not appealable and would not
be reviewed on appeal from preliminary injunction). Other
circuits agree. See Richardson Greenshields Securities, Inc v.
Lau, 825 F.2d 647, 650-51 (2d Cir. 1987) (denial of defendants'
motion to amend pleadings to assert counterclaim and implied
third-party defendants not appealable); McClune v. Shamah, 593
F.2d 482, 486 (3rd Cir. 1979)(order denying leave to amend
complaint to add plaintiff not appealable; Wells v. South Main
Bank, 532 F.2d 1005, 1006 (5th Cir. 1976)(denial of motion to
amend complaint to advance additional claims and join new
defendants not appealable); Bridges v. Department of Md. State
Police, 441 F.3d 197, 206(4th Cir. 2006)(denial of motion to
amend complaint to add plaintiffs not appealable).

     The Court has examined the case authorities cited by Freddie
Mac in addition to Bush, supra, and finds that each is
distinguishable. In Insurance Outlet Agency, Inc v. American
Medical Sec., Inc., slip op., 2002 WL 1922666 (Ohio App. 5 Dist.
Aug. 12, 2002), the trial court in the prior case had denied the
plaintiff's motion to amend the complaint to add Ohio antitrust
claims and new defendants. The grounds for denial were that the
proposed amendment did not allege a prima facie violation of the
Valentine Act. After that court entered final judgment on the
plaintiff's breach of contract claims, the defendant appealed and

8

the plaintiff cross-appealed. The plaintiff, however, failed to
seek review of the denial of his motion to amend in his cross-
appeal. When the plaintiff later filed an antitrust complaint
which included the same claim he had attempted to add in the
prior case, the trial court granted the defendant summary
judgment based on res judicata. In the instant case, the Belmont
County Court never addressed the substance of Neff's proposed
amendment, and Neff, unlike the plaintiff in Insurance Outlet,
did appeal the trial court's denial of his motion to amend.
Therefore, Insurance Outlet offers little guidance to the
question to be resolved by this Court.

In Hrabe v. Paul Revere Life Ins. Co., 76 F.Supp.2d 1297
(M.D. Ala. 1999), the plaintiff had filed an earlier complaint
against the defendant seeking recovery under state-law causes of
action. The trial court found that these state-law claims were
preempted by ERISA and entered summary judgment in the
defendant's favor. The plaintiff sought reconsideration of the
order dismissing her complaint and at the same time moved for
leave to amend the complaint to add certain ERISA claims. The
trial court denied the motion for leave to amend, and the
plaintiff then attempted to appeal the original order and the
denial of her motions for reconsideration and leave to amend.
The court of appeals dismissed that appeal on the grounds that it
was untimely. After her appeal had been dismissed, the plaintiff
filed a new action in federal district court alleging claims
under ERISA which arose under the same factual predicate as the
earlier claims. The district court held that because nothing
prevented the plaintiff from bringing her ERISA claims in the
earlier action and because she did not seek leave to amend the
complaint until after her lawsuit had been dismissed, her only
recourse was to appeal. Id. at 1303-04. Her failure to appeal in
a timely fashion led the district court to conclude that the

order denying leave to add the ERISA claims was a final adjudication on the merits for purposes of res judicata. <u>Id</u>. at 1304. In the instant case, Neff did appeal the order denying him leave to amend and is appeal, unlike the plaintiff's in <u>Hrabe</u>, was timely. The court of appeals dismissed his appeal not on grounds of tardiness, but rather due to the fact that the order was not a final appealable order. This fact alone severely limits any persuasive authority that <u>Hrabe</u> might otherwise have.

For the foregoing reasons, the Court concludes that the order entered by the Belmont County Common Pleas Court denying Neff leave to amend his counterclaim was not "a final decision on the merits" under the applicable test for claim preclusion. It is, therefore, unnecessary to consider whether the other three elements of this test have been met.

IV.

Based on the foregoing, Freddie Mac's motion for summary judgment (doc. #37) is DENIED.


/s/ Terence P. Kemp
United States Magistrate Judge